**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 18 2013

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34996 |
| | ) | |
| Tracy Lynn St. Clair, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Mary Ann Whipple |
| | ) | |
| | ) | |
| | ) | |

### ORDER

This case is before the court on a Debtor's Motion to Refund Overpayment of Filing Fee. [Doc. # 16].

Under 28 U.S.C. § 1930(f)(3), bankruptcy courts are permitted to "waive" fees required under the statute on grounds not otherwise specified therein by Congress "in accordance with Judicial Conference policy." Judicial Conference policy limits fee refunds as follows:

> The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (August 2007), ¶ A.9, p11. Recognizing that the electronic filing environment in which all bankruptcy courts now operate raises different administrative issues as to the no

refund policy than the traditional manual filing environment, the Judicial Conference has also authorized courts to develop local procedures as follows:

> **Develop Local Procedures**. Although the Judicial Conference still prohibits refunds generally, judges, in conjunction with their clerks, may develop procedures addressing CM/ECF refunds.

*Id.*, ¶ A.9.A.(1), p. 12. In this district, the court has adopted General Order 05-2 addressing filing fee refund procedures, as follows:

> Upon review of the Judicial Conference policy, neither the Clerk of the Bankruptcy Court nor the Bankruptcy Judge(s) has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office....IT IS ORDERED that refunds will not be permitted on fees due upon filing, even if the party files the document in error and even if the court dismisses the case or pleading."

Under the statute, Judicial Conference Policy and local procedure, the standard for court authorization to allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the clerk's office.

The court has routinely denied requests for refunds of filing fees in circumstances where an authorized filing fee was incurred as a result of a mistake in filing a case or document. However, in this case, the court entered an order granting Debtor's Application to Pay Filing Fee in Installments. The $306.00 filing fee was to be paid in four installments of $80.00, $76.00, $75.00 and $75.00. Debtor, through counsel, paid the first three installments as ordered. However, her attorney incorrectly submitted a final payment of $150.00, rather than the balance owed of $75.00. Thus, the case filing fee was overpaid by $75.00. Under these circumstances, the additional $75.00 was collected without authority since the court has no authority to collect a filing fee in excess of the $306.00 fee authorized by statute. *See* 28 U.S.C. §§ 1930(a)(1) and (b), 1914(b).

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that the Motion to Refund Overpayment of Filing Fee [Doc. # 16] be, and hereby is, **GRANTED.** The Clerk of Court shall refund the $75.00 overpayment to Debtor's attorney, Patti Baumgartner-Novak.

###